UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHN YUNG,

                Petitioner,             **MEMORANDUM & ORDER**

       -against-                       24-CV-3004 (RER)

MAYOR ADAMS NYC, NYC DEPT OF
CORRECTIONS, THE PEOPLE OF NY,

                Respondents.
----------------------------------------------------------X

RAMÓN E. REYES, JR., United States District Judge:

On April 2, 2024, Petitioner John Yung, appearing *pro se*, filed this petition for a writ of habeas corpus in the United States District Court for the Southern District of New York, challenging his detention on Riker's Island under Indictment No. 71296/2023. (ECF No. 1 ("Pet.")). On April 23, 2024, the petition was transferred to this Court. (ECF Order dated 4/23/2024). On May 24, 2024, Petitioner paid the filing fee to commence this action. (ECF No. 9). For the reasons set forth below, the petition is dismissed without prejudice.

## DISCUSSION

"Federal courts may grant habeas relief pursuant to 28 U.S.C. § 2241 to prisoners 'in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3). Section 2241 can supply relief for state pretrial detainees." *Dawson v. Toulon*, No. 22-CV-6341 (GRB), 2022 WL 17177839, at *2 (E.D.N.Y. Nov. 22, 2022) (quoting *York v. Warden Shannon*, No. 22-CV-2663 (PKC), 2022 WL 16715921, at *1 (E.D.N.Y. Nov. 4, 2022; *see also Fredricks v. Hallett*, No. 21-CV-3690 (SLT), 2021 WL 2000074, at *2 (S.D.N.Y. May 17, 2021). However, "[a] petitioner seeking relief under 28 U.S.C. § 2241 must exhaust available state court remedies." *York*, 2022 WL 16715921,

at *1 (citations omitted); see also Soto v. Warden, New York City Dep't of Correction, No. 21-CV-4068 (PKC), 2021 WL 4192861, at *2 (E.D.N.Y. Aug. 10, 2021).

"Under New York law, a prisoner may bring a petition for a writ of habeas corpus in the New York State Supreme Court, pursuant to Article 70 of New York's Civil Practice Law and Rules, on the ground that a condition of his confinement is unlawful." Grafton v. Dzurenda, No. 20-CV-3052 (MKB), 2020 WL 9816012, at *2 (E.D.N.Y. Dec. 11, 2020).

Here, Petitioner seeks his "immediate release" and alleges that he has been "imprisoned since Jan. 8, 2024 without bail set." (Pet. at 1). Petitioner also challenges the effectiveness of his attorney. (Id.) However, Petitioner does not plead facts showing that he has fully exhausted his claims in state court.

In addition, Petitioner seeks the Court's intervention in his pending state court proceeding.[1] (Pet. at 2). In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of "special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate." See Heicklen v. Morgenthau, 378 F. App'x 1, 1 (2d Cir. 2010) (quoting Gibson v. Berryhill, 411 U.S. 564, 573-74 (1973)). Petitioner does not allege any facts suggesting bad faith, harassment, or irreparable injury. The Court, therefore, finds no proper basis for intervention in Petitioner's ongoing criminal proceeding. See, e.g., Torres v. New York, No. 23-CV-9380 (LTS), 2024 WL 22088, at *3 (S.D.N.Y. Jan. 2, 2024).

---

[1] According to the New York City Department of Correction's website, Petitioner is in custody at the Otis Bantum Correctional Center on Riker's Island under Indictment No. 71296/2023 before the New York State Supreme Court, Kings County, and his next court date is June 20, 2024. See https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf (last visited Jun. 12, 2024).

## **CONCLUSION**

Accordingly, the Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is dismissed without prejudice. A certificate of appealability shall not issue because the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment, mail a copy of this Order to Petitioner, and close this case.

SO ORDERED.

Hon. Ramón E. Reyes, Jr.
Digitally signed by Hon. Ramón E. Reyes, Jr.
Date: 2024.06.14 16:52:25 -04'00'

_____
RAMÓN E. REYES, JR.
United States District Judge

Dated: June 14, 2024
       Brooklyn, New York